**Napoleon BLAND, Jr., Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**No. 71 C 485(1).**

United States District Court,
E. D. Missouri, E. D.

Sept. 7, 1971.

Napoleon Bland, Jr., pro se.

Daniel Bartlett, Jr., U. S. Atty., for respondent.

MEMORANDUM

MEREDITH, Chief Judge.

This matter is pending on motion of the petitioner to set aside a plea of guilty heretofore entered in this Court on May 20, 1971, in case No. 70 Cr 168(1).

Petitioner seeks to set aside this sentence under the provisions of 28 U.S.C. § 2255 on the grounds that (a) he had ineffective counsel; (b) petitioner was incompetent before and after being charged in the indictment and was unable to understand the consequences of his plea; and (c) ninety-five percent of the witnesses for the Government were prejudiced.

The petitioner was charged in a three-count indictment: count one charged on May 4–5, 1970, violation of 18 U.S.C. § 2153(a), destroying by fire the Air Force Reserve Officers Training Corps building on Washington University campus; count two charged on the same date violation of 18 U.S.C. § 2153(a), destroying by fire the Army Reserve Officers Training Corps building on Washington University campus; and count three charged on the same date violation of 18 U.S.C. § 1361, destroying by fire furniture and fixtures located in the Air Force Reserve Officers Training Corps building on Washington University campus.

The first two counts carry a maximum penalty of thirty years and $10,-000; the third count carries a maximum penalty of ten years and $10,000.

The petitioner was represented by retained counsel, Mr. Francis L. Ruppert.

Petitioner was at large on bail prior to his sentencing, except for the time when he was examined at the Springfield Medical Center, which examination was requested by the petitioner. He was also examined by his private psychiatrist and a complete hearing as to his mental competency was held on March 12, 1971, at which psychiatrists for the Government and for the petitioner testified and went into his complete mental

background. This Court found him competent to stand trial.

Trial before a jury began on May 17, 1971, and continued through the 17th, the 18th and the 19th, and on May 20, 1971, petitioner entered a plea of guilty to Count Two of the indictment, which plea of guilty was accepted by the Court; Counts One and Three were dismissed. The petitioner was sentenced on June 4, 1971, to a period of ten years in the custody of the Attorney General.

The plea of guilty was entered after three days of trial in which the petitioner was identified by serveral eye witnesses as being the person who entered both buildings and burned the buildings and the contents thereof.

Turning to the specific allegations of the petitioner, a review of the hearings, motions, and the partial trial of petitioner shows that he was adequately, competently and well represented at all stages of the proceedings.

The transcript of petitioner's hearing on March 12, 1971, as to his competency shows that petitioner is well aware of all aspects of his situation, including the fact that petitioner in his own handwriting, on 2–7–71, after being returned from the Medical Center, wrote a motion to be released from the city jail on the bond previously filed, which motion was granted by the Court. The motion is clear, lucid, and shows a complete understanding of his problems. Additionally, the petitioner was a student at Washington University. The questions and answers propounded to the petitioner at his plea of guilty on May 20, 1971, show that the petitioner had a complete understanding of all aspects of his situation, the range of his punishment, the right to trial by jury, the consequences of his plea. The plea was voluntarily made. Petitioner's attorney was questioned at length concerning the plea of guilty. This, too, is in the record.

The blunt fact is that this plea of guilty was not entered by petitioner until after he saw "the handwriting on the wall", and rather than continue the trial on all three counts, chose to enter a plea of guilty to the one count. Whatever may have been the prejudice of the Government witnesses, they were competently examined at the partial trial by petitioner's attorney and the truth set out plainly and clearly to the petitioner.

This Court finds there is no merit to any of the allegations of the petitioner's motion and it will be dismissed.